UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

    v.

OYSTER BAY FIRE DEPARTMENT,
ATLANTIC STEAMER FIRE CO. NO. 1,
TOWN OF OYSTER BAY,
INC. VILLAGE OF OYSTER BAY COVE,
INC. VILLAGE OF LAUREL HOLLOW,
INC. VILLAGE OF MILL NECK,
INC. VILLAGE OF COVE NECK,

          Defendants.
------------------------------------------------------------x



CIVIL ACTION NUMBER

CV 09 3297

COMPLAINT
JURY TRIAL DEMANDED

FEUERSTEIN, J.

WALL, M.J.

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 et seq., to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Parties, Louis Aquilino, Vincent Aquilino, William J. Edmond, Aurelio Gonzalez, Raymond Hornosky, Timothy Mangan, and Richard P. Niznik, and other similarly situated employees of Defendants Oyster Bay Fire Department and Atlantic Steamer Fire Co. No. 1, or in the case of deceased individuals, to the individual's beneficiaries, heirs, estates or others who would receive or inherit an interest under applicable survivorship laws or proceedings (hereinafter "claimants"). The additional named firefighters include Louis D'Arpa, Steve Bauer, James Brandt, Leon Feret, Hollis Hale, Anton Kabelka, James Longo, Frank Maiorana, Robert Marotti, Edward McEvoy, Ian MacKenzie, Joseph Messina, James Michie, John Minicozzi, Joseph Minicozzi, Edwin Rahilly, Casimir Rogus, Michael Scheck,

Jack Sinowitz, and James Waters, and deceased named firefighters are Joseph Bennett, Ernest Dawson, Thomas Denely, Robert Hornosky, James Kenny, John Ferro, Joseph Ostaseski, and Peter Warner. The Equal Employment Opportunity Commission ("EEOC") alleges that Defendants refused to allow firefighters age 62 and older to accrue credit towards a "length of service award benefit" in Defendants' Length of Service Award Program ("LOSAP") because of their age.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c), and Section 17 of the FLSA, 29 U.S.C. §217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendants, Oyster Bay Fire Department and Atlantic Steamer Fire Co. No. 1, have each provided fire services to the following towns and villages and thus have each continuously been an Agency or Instrumentality of Defendants Town of Oyster

Bay (including the unincorporated Oyster Bay hamlet), Incorporated Village of Oyster Bay Cove, Incorporated Village of Laurel Hollow, Incorporated Village of Mill Neck, and Incorporated Village of Cove Neck.

5. At all relevant times, Defendants have continuously been employers within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

6. At all relevant times, Defendants have continuously been doing business in the State of New York and the County of Nassau, and have continuously collectively had at least 20 employees.

7. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

9. Since at least October 16, 1992 (the effective date of the Older Workers' Benefit & Protection Act – "OWBPA"), and continuing since, Defendants have engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

10. Pursuant to New York State law, fire districts may establish a "Length of Service Award Program" ("LOSAP") in which volunteer firefighters earn "service award credit" toward a "service award," a benefit payable when firefighters retire. New York General Municipal Law

3

§§214-219A.

11. A LOSAP can only be adopted, amended, and/or terminated by a referendum of the voters of each community covered by the fire district.

12. Pursuant to state law, fire districts and/or departments adopting a LOSAP must establish an "entitlement age" at which firefighters become eligible for benefits; the entitlement age cannot be earlier than age 65 or later than the age at which the participant can receive an unreduced benefit under Title II of the Social Security Act, i.e., age 65. New York General Municipal Law §215(4).

13. Prior to January 1, 1991, the voters of the Town of Oyster Bay, Incorporated Village of Oyster Bay Cove, Incorporated Village of Laurel Hollow, Incorporated Village of Mill Neck, and Incorporated Village of Cove Neck approved a referendum adopting a LOSAP for the Oyster Bay Fire Department and Atlantic Steamer Fire Co. No. 1 firefighters (the "Oyster Bay LOSAP").

14. Since at least January 1, 1991, the entitlement age for the Oyster Bay LOSAP has been age 62.

15. Since at least January 1, 1991, and continuing through at least February 13, 2009, Oyster Bay Fire Department and Atlantic Steamer Fire Co. No. 1 firefighters age 62 and older, including but not limited to the Charging Parties, could not earn service award credit in the Oyster Bay LOSAP, because of their age, in violation of the ADEA.

16. Defendants have not amended the Oyster Bay LOSAP to allow firefighters to earn service award credit without regard to age, in violation of the ADEA.

17. The effect of the practices complained of in paragraphs 9 through 16 above has been to deprive Charging Parties and the additional claimants of equal employment opportunities

and otherwise adversely affect their eligibility to receive employee benefits because of their age.

19. The claimants are Oyster Bay Fire Department and Atlantic Steamer Fire Co. No. 1 firefighters who were denied the accrual of service benefits after the age of 62. In addition to the Charging Parties, Louis Aquilino, Vincent Aquilino, William J. Edmond, Aurelio Gonzalez, Raymond Hornosky, Timothy Mangan, and Richard P. Niznik, the other claimants currently known to EEOC include the following individuals: Steve Bauer, Joseph Bennett (deceased), James Brandt, Louis D'Arpa, Ernest Dawson (deceased), Thomas Denely (deceased), Leon Feret, John Ferro (deceased), Hollis Hale, Robert Hornosky (deceased), James Kenny (deceased), James Longo, Frank Maiorana Sr., Robert Marotti, Ian McKenzie, Joseph Messina, James Michie, John Minocozzi (deceased), Joseph Ostaseski (deceased), Edwin Rahilly, Michael Scheck, Jack Sinowitz, Peter Warner (deceased).

19. The unlawful employment practices complained of in paragraphs 9 through 16 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from discriminating against employees age 62 and over on the basis of age, and any other employment practice which discriminates on the basis of age.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities and benefits for older individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant an order requiring Defendants to refrain from the practice of refusing to

allow firefighters age 62 and older to accrue credit toward a service award.

D. Grant a judgment requiring the Defendants to award firefighters affected by Defendant's illegal policies credit toward a service award in an appropriate amount to be determined at trial.

E. Grant a judgment requiring the Defendants to pay an appropriate service award in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to firefighters whose service awards were reduced as a result of the acts complained of above.

F. Order the Defendants to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to service award credit resulting in increased payments to the Charging Parties and to the additional claimants.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 29, 2009
      New York, New York

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

_____
Elizabeth Grossman, Regional Attorney

_____
Sunu P. Chandy, Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No: 212-336-3706
Facsimile No.: 212-336-3623
E-mail Address: sunu.chandy@eeoc.gov